**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
:
JASON MELLY, on behalf of himself and all : 
others similarly situated, :
:
:
Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
TSAROUHIS LAW GROUP, LLC and DYCK- :
O'NEAL, INC., :
:
Defendants. :
———————————————————X

Plaintiff JASON MELLY (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendants TSAROUHIS LAW GROUP, LLC and DYCK-O'NEAL, INC. (hereinafter collectively "Defendants"), their employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and the cause of action arose in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the city of Bayonne, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant TSAROUHIS LAW GROUP, LLC ("TLG"), is a law firm

engaged in the business of collecting debts in this state with its principal place of business located at 21 S 9th Street, Allentown, PA 18102. The principal purpose of TLG is the collection of debts in this state and TLG regularly attempts to collect debts alleged to be due another.

9. Defendant DYCK-O'NEAL, INC. is a debt buyer engaged in the business of purchasing defaulted consumer debts in this state with its principal place of business located at 3100 Monticello Avenue, Suite 650, Dallas, TX 75205.

10. Based upon information and belief, each Defendant is a company and/or attorney that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), as described in this Complaint.

13. This Action is properly maintained as a class action, with the classes defined as follows.

Class 1

- During the class period, all individuals who were sued in any state court in which the plaintiff(s) in those lawsuits were represented by Defendant TSAROUHIS LAW GROUP, LLC and the individuals were sued on a time-barred debt.

Class 2

- During the class period, all individuals who were sued in any state court in which the plaintiff was DYCK-O'NEAL, INC. and the individuals were sued for amounts in excess of what was owed.

Class 3

- During the class period, all individuals who were sued in any state court in which the plaintiff was DYCK-O'NEAL, INC. and the debt sued upon was time barred by the applicable statute of limitations.

Class 4

- During the class period, all individuals who were sued in any state court in which the plaintiff was DYCK-O'NEAL, INC., the debt sued upon was time barred by the applicable statute of limitations and the original creditor was Genworth Mortgage Insurance Corporation.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were subject to the conduct alleged herein.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the Courts, the United States Postal Service, telephone and/or the Internet.

16. Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. On or about June 7, 2010, Plaintiff entered into a promissory note for $16,325.00 with Genworth Mortgage Insurance Corporation ("Genworth") related to payment for PMI insurance with respect to Plaintiff's purchase of a residential home ("the Debt").

18. Under the terms of the alleged promissory note, Plaintiff was to make a total of 120 monthly payments (119 payments at $136.04 and one payment of $136.24) beginning on November 1, 2010.

19. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

20. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. Genworth is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22. Shortly after the execution of the promissory note by Plaintiff, Genworth directly or through intermediate transactions assigned, placed or transferred its entire interest in the Debt to Defendant TLG for purposes of collection.

23. On June 29, 2023, Defendant TLG, on behalf Defendant DYCK-O'NEAL, INC., filed a lawsuit against Plaintiff in a collection case entitled <u>Dyck O'Neal Inc. v. Melly</u>, HUD-DC-005899-23 ("the State Court Collection Action") in Hudson County in the New Jersey Superior Court of New Jersey, Law Division, Special Civil Part to recover $15,875.00, plus costs, related to the Debt.

24. Plaintiff was subsequently served with a copy of the summons and complaint in the State Court Collection Action.

25. In response to the filing of the State Court Collection Action, Plaintiff hired counsel to defend him in the State Court Collection Action.

26. On August 10, 2023, Plaintiff filed an Answer in the State Court Collection Action and simultaneously served written discovery on Defendant DYCK-O'NEAL, INC, which was to be responded to on or before September 10, 2023.

27. On August 18, 2023, the Court scheduled a trial in the State Court Collection Action for February 9, 2024.

28. At Defendants' request, on or about September 14, 2023, Plaintiff gave

Defendant DYCK-O'NEAL, INC. additional time until September 20, 2023 to respond to Plaintiff's written discovery.

29. However, after Defendant DYCK-O'NEAL, INC. still failed to respond to discovery even after being granted an extension, on December 5, 2023 Plaintiff wrote a letter to Defendant TLG requesting that the delinquent discovery be responded to by December 15, 2023.

30. However, Defendants still did not provide responses to Plaintiff's written discovery on or before December 15, 2023, nor did Defendants provide written discovery responses at any time during the pendency of the State Court Collection Action.

31. For the scheduled trial day of February 9, 2024 in the State Court Collection Action, Plaintiff took off a day of work in order to make himself available for the trial.

32. While Plaintiff appeared for the in-person trial at the Hudson County Courthouse on February 9, 2024, neither Defendant appeared for trial.

33. As a result of Defendant's failure to appear, the Court dismissed the State Court Collection Action.

34. According to the exhibits attached to the State Court Collection Action complaint, Plaintiff breached the terms of the promissory note shortly after execution by failing to make the first scheduled payment on September 30, 2010.

35. Instead, Plaintiff's first payment was not made until three years later on November 1, 2013, and it was only for $50.00.

36. Also according to the exhibits attached to the State Court Collection Action complaint, Plaintiff made four more payments of $100 each in March, April, May

8

and September 2014.

37. Plaintiff failed to make a single monthly payment of $136.04 as agreed.

38. After making the $100.00 payment in September 2014, Plaintiff made no further payments.

39. When Defendant filed suit on June 29, 2023, more than 12 years had passed since Plaintiff had defaulted on the Debt and more than 8 years had passed since Plaintiff made his last payment.

40. By suing Plaintiff in the State Court Collection Action, Defendant sought to collect on a time-barred debt after the applicable statute of limitations had passed.

41. Since the statute of limitations had passed as to the Debt, Defendants were not entitled to file suit against Plaintiff to collect the Debt.

42. As a result of the Defendants' conduct, Plaintiff suffered actual damages by suing Plaintiff for a time-barred debt.

43. Plaintiff's actual damages, included, but are not limited to, attorney's fees paid to defend the State Court Collection Action, filing fees paid by Plaintiff to file an Answer in the State Court Action, loss of income as a result of taking a day off of work to attend the February 2024 trial date and emotional distress.

**POLICIES AND PRACTICES COMPLAINED OF**

44. It is Defendant's policy and practice to file collection lawsuits against consumers which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b) By seeking to collect more money from Plaintiff than it was entitled.

  (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

45. On information and belief, Defendants engaged in the type of violative conduct identified herein with respect to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

46. Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if the same were set forth at length.

47. Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with their collection attempts against Plaintiff and others similarly situated.

48. By filing collection lawsuits against consumers in improper venues and in engaging in other collection activity as set forth herein, Defendants violated:

A. 15 U.S.C. § 1692d, by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff

B. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

C. 15 U.S.C. § 1692e(2)(A), by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect

D. 15 U.S.C. § 1692e(2)(B), by falsely representing the entitlement to certain interest, fees, costs and/or other charges.

E. 15 U.S.C. § 1692e(5), by taking or threatening to take any action that cannot be legally taken;

F. 15 U.S.C. § 1692e(10), by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

G. 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect any debt; and,

H. 15 U.S.C. §1692f(1), by collecting or attempting to collect an amount that was not permitted by law.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class actual damages;

(c) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
        June 26, 2024

                                      Respectfully submitted,

                                      By: s/ Lawrence C. Hersh
                                          Lawrence C. Hersh, Esq.
                                          17 Sylvan Street, Suite 102B
                                          Rutherford, NJ  07070
                                          (201) 507-6300
                                          *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

      I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 26, 2024

                                            By: s/ Lawrence C. Hersh
                                            Lawrence C. Hersh, Esq